O

**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 09-01001 VAP (OPx)                    Date: November 23, 2009

Title:       ANTHONY F. DIVITO and SANDRA DIVITO -v- BRUCE TIZES
==============================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Jim Holmes, Relief                                             Phyllis Preston
    Courtroom Deputy                                             Court Reporter

ATTORNEYS PRESENT FOR                         ATTORNEYS PRESENT FOR
PLAINTIFFS:                                               DEFENDANTS:

Janet G. Cervantes                                      Patrick M. Ouimet
                                                                         Mario H. Alfaro

PROCEEDINGS:       MINUTE ORDER DENYING DEFENDANT'S MOTION FOR
                                    JUDGMENT ON THE PLEADINGS
                                    [Link & Term Doc. No. 40]

      The Motion for Judgment on the Pleadings filed by Defendant Bruce Tizes came before the Court for a hearing on November 23, 2009.  After reviewing and considering all papers filed in support of, and in opposition to, the Motion,[1] the Court DENIES the motion, as detailed further below.

---

      [1] The parties submitted on the Court's Tentative Order without presenting any oral argument.

MINUTES FORM 11                                                 Initials of Deputy Clerk: jh-relief
CIVIL -- GEN                              Page 1                Time: /02

## I. BACKGROUND

On May 13, 2009, Plaintiffs Anthony and Sandra Di Vito[2] ("the Di Vitos" or "Plaintiffs")[3] filed a form unlawful detainer complaint in the California Superior Court for the County of Riverside. The complaint alleges that, in December 2007, the Di Vitos and Tizes entered into a lease agreement ("the Lease Agreement") for a property in Palm Desert (referred to by the parties as "the Lantana property"). (Compl. p. 7.) Under that agreement, Tizes would occupy the property for the period January 1, 2008 through July 1, 2009, in exchange for a total rent of $540,000. (Id.) Tizes was to pay $360,000 immediately, and the remaining $180,000 on January 1, 2009. (Id.) Plaintiffs allege Tizes failed to make the second payment, and therefore Plaintiffs served the occupants of the property with a three-day notice to pay rent or quit on January 30, 2009 ("the Notice to Quit"). (Compl. pp. 5-6.)

Defendant Bruce Tizes ("Tizes" or "Defendant") removed the action to this Court on May 26, 2009, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs filed a Motion to Remand the action due to a lack of diversity of citizenship on July 16, 2009. The Court denied that motion on September 14, 2009.

On October 28, 2009, Tizes filed the instant Motion for Judgment on the Pleadings. Plaintiffs filed a timely opposition on November 9, 2009.

Local Rule 7-10 allows a moving party to file a reply memorandum "not later than the seventh calendar date (not excluding Saturdays, Sundays, and holidays) before the date designated for the hearing of the motion." On November 17, 2009, merely six days before the hearing on this motion, Tizes filed a "Stipulation" requesting the Court grant him leave to file a reply "instanter."[4] The untimely reply was not filed until 3:30 PM on November 18, 2009. Although Plaintiff does not object to the filing of a late reply, Local Rule 7-10 does not exist solely for the parties' benefit. Tizes offers no reason as to why he should be excused from compliance with the Local Rules and his tardy filing accepted a full two days after the deadline. Therefore, the Court REJECTS the stipulation.

## II. LEGAL STANDARD

A motion for judgment on the pleadings is a vehicle for summary adjudication, but the standard is like that of a motion to dismiss. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). The only significant difference is that a 12(c) motion is properly brought "after the pleadings are closed -- but early

---

[2] The documents sometimes spell Plaintiffs' last name DiVito and sometimes Di Vito.

[3] Although the action was filed in state court on behalf of both Di Vitos, several of the Plaintiffs' filings only refer to Plaintiff Anthony Di Vito.

[4] Although filed on November 17, the stipulation was signed and dated November 18, 2009.

enough not to delay trial." Fed. R. Civ. P. 12(c); Dworkin, 867 F.2d at 1192; see William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 9:319-323.

The Court may grant judgment on the pleadings "when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996); Baker v. Citibank (S.D.) N.A., 13 F. Supp. 2d 1037, 1044 (S.D. Cal. 1998). The Court must assume the truthfulness of all material facts alleged and construe all inferences reasonably to be drawn from the facts in favor of the nonmoving party. Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Cong. Church, 887 F.2d 228, 230 (9th Cir. 1989); McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988); see NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). In addition to the pleading itself, the Court may consider "facts that 'are contained in materials of which the court may take judicial notice.'" Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n. 18 (9th Cir. 1999), quoting Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

### III. DISCUSSION

Under California law, a three-day notice to quit is a prerequisite to filing an unlawful detainer action. See, e.g., Bisno v. Douglas Emmett Realty Fund 1988, 174 Cal. App. 4th 1534, 1552 (2009); Cal. Code Civ. Pro. § 1161(2). The requirements for such a notice to be valid are set out by statute, Cal. Code Civ. Pro. § 1161.

Tizes moves for judgment on the pleadings on the basis that the January 2009 Notice to Quit attached to the Complaint is "fatally defective" for three reasons. First, he claims that an "Addendum" executed by the parties in February 2009 establishes that the Notice to Quit was "cured" and "no longer valid" when the Complaint was filed. (Def.'s Mem. at 9.) Second, Tizes argues that the Notice to Quit overstated the amount of rent that was due in January 2009. Finally, Tizes argues that a payment he made in February 2009 "mooted" the Notice to Quit.

Neither the Addendum nor the February 2009 payment are referred to in the pleadings at all, however. In support of his arguments as to these additional facts, Tizes cites to the Complaint in a related action that *he himself* brought against the DiVitos and other defendants and which has been consolidated with this case for trial only (EDCV 09-894) ("the related complaint"), attached to his Motion as Exhibit 1.

The Court notes that Tizes conceals the actual source of these facts, by merely referring to them as coming from "the complaint." At no point in the Motion does he explain that "the complaint" he relies on is from another case and was actually drafted by him. At no point in his moving papers does he reference the Complaint operative in *this* case.

"[R]eview for failure to state a claim is generally limited to the contents of the complaint."[5] Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 954 (9th Cir. 2004).  Although limited instances exist when a court may consider documents outside the pleadings when deciding a Rule 12(c) motion, this is not one of them.  Compare Dent v. Cox Comm'ns. Las Vegas, Inc., 502 F.3d 1141, 1143 (9th Cir. 2007) (appropriate to consider external document that parties agreed was "authentic" and "integral" to the claim at issue).  Here, however, Tizes asks the Court to take judicial notice of factual allegations *he* has made in another complaint.  Such allegations are not subject to judicial notice.  Moreover, on this motion, all allegations are construed in favor of the non-moving party, not Tizes.  The court thus declines to consider the entire related complaint.  Since the pleadings in *this* case do not include any reference to an addendum[6] or February 2009 payment, the Court rejects those arguments.

In support of Tizes's argument that the incorrect amount was stated as due in the three-day notice, he cites to the Lease Agreement, which was included by Plaintiffs in their complaint, and is thus appropriately considered on this Motion.  The Lease Agreement does not support his argument, however.  It merely specifies a rent of $30,000 monthly for the period January 1, 2008 through July 1, 2009, with $360,000 due at move-in. (Compl., Ex. 1 at p. 1.)  The Complaint does not indicate how much was received, but indicates that the amount of "past-due rent" was $180,000, which is the same as that listed in the Notice to Quit. (Compl. p. 6.)  Although Tizes may dispute the amount that was due at that time, there is nothing in the pleadings that would indicate that the figure listed in the Notice to Quit was incorrect.  Accordingly, this argument as to the invalidity of the Notice to Quit is also rejected.

### IV. CONCLUSION

Since the pleadings do not establish that Tizes is entitled to judgment as a matter of law, the Court DENIES Tizes's Motion for Judgment on the Pleadings.

**IT IS SO ORDERED.**

---

[5] This, of course, refers to the operative complaint in the action at issue, not any complaint the moving party chooses.

[6] The parties dispute the enforceability of the Addendum.  On a Motion for Judgment on the Pleadings, the Court cannot rule on the enforceability of a contract not included, even by reference, in the Complaint.